**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Gregory Bernard Micklus, | ) | |
| Petitioner, | ) | CV 02-1898-PHX-PGR (DKD) |
| v. | ) | **ORDER** |
| Charles L. Ryan[1], et al., | ) | (**NON-DEATH PENALTY**) |
| Respondents. | ) | |

Currently before the Court is the Report and Recommendation of Magistrate Judge Duncan (Doc. 73), which is based on Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.[2] The Court will now consider *de novo* the Petition, the Report and Recommendation of Magistrate Judge Duncan, and the Petitioner's objections thereto.

In his objections, Petitioner begins by addressing the Magistrate Judge's failure to consider the issue of actual innocence. In order to present otherwise procedurally barred claims to a federal habeas court, a petitioner must come forward with sufficient proof of his

---

[1] Pursuant to Fed.R.Civ.P. 25(d), Charles L. Ryan, the current director of the Arizona Department of Corrections, is submitted for Dora B. Schriro.

[2] Petitioner was originally indicted for arson of an occupied structure with an allegation of five prior convictions. (Doc. #44, Exh A.) Two months later, he was indicted for conspiracy to commit the first degree murder of two witnesses in the arson case. (Id., Exh B, C.) At a separate trial, a jury acquitted him of the conspiracy charges (based on entrapment defense.) Thereafter, a jury convicted Petitioner of the arson charge. (Id., Exh H.) The trial court found two prior convictions and sentenced him to an aggravated term. (Id., Exh I.) Petitioner challenges his state court conviction for Arson of an Occupied Structure and the imposition of an aggravated 28-year prison term. (Doc. 1.)

actual innocence. Actual innocence may be demonstrated when a petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." Schlup v. Delo, 513 U.S. 298, 316 (1995)  A petitioner's "claim of innocence [under Schlup] is ... '*not itself a constitutional claim, but instead a gateway* through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.' " Id. (quoting Herrera v. Collins, 506 U.S. 390, 404). The Court finds that based on the findings of the trial court and jury, as well as the record as a whole, none of the evidence or circumstances raised by Petitioner establishes "actual innocence" sufficient to open the "gateway" through which an otherwise barred claim would be considered on the merits.[3] He has failed to convince this Court that he has reached his burden of establishing that "[this] court cannot have confidence in the outcome of the trial"  Majoy v. Roy, 296 F.3d 770, 776 (9th Cir. 2002.)  The Court will not remove the case from the original jury, as Petitioner has failed to convince the Court that "it is more likely than not that no reasonable juror would have convicted him in light of "evidence newly presented to the habeas court "that was not presented at trial." Sistrunk v. Armenakis, 292 F.3d 669, 673 (9th Cir. 2002).  Accordingly, the Court will now review *de novo* the remaining matters raised in the Petition, the Report and Recommendation, and the Objections thereto.

As to Ground I, the Court agrees that no objective reading of  State v. Terrazas, 189 Ariz. 580 (1997) would put a state court on notice that a defendant was raising a federal claim.  The issue in Terrazas, decided by the Supreme Court, is the proper standard which is most consistent with the Arizona Rules of Evidence for the admission of such evidence.

As to Grounds III, IV, and V, in an attempt to federalize his claims, Petitioner cited State v. Hunter, 142 Ariz. 88, 688 (1984), which cites State v. Mincey, 130 Ariz. 389, 398

---

[3] Significantly, under the AEDPA, state court findings of fact are to be presumed correct unless petitioner rebuts the presumption with clear and convincing evidence. See 28 U.S.C. § 2254(e)(1) Davis v. Woodford, 333 F.3d 982. 991 (9th Cir, 2003).

(1981), which in turn refers to Sandstrom v. Montana, 442 U.S. 510 (1979). However, the Court agrees with Magistrate Judge Duncan that a citation to Hunter does not satisfy the level of specificity required to provide the state courts a fair opportunity to act on Petitioner's federal claim(s). Accordingly, Petitioner's failure to adequately present his constitutional claims "before the Arizona Court of Appeals within the four corners of his appellate briefing" renders those claims unexhausted. Castillo v. McFadden, 370 F.3d 882, 887 (9th Cir. 2004)(A state appellate court is not required to review the parties' pleadings "to see if it could discover for itself a federal, constitutional issue.") Citing Baldwin v. Reese, 541 U.S. 541 U.S. 27 (2004).

As to Grounds II, VI, and XI, the record reveals that Petitioner did not raise these claims on direct review or exhaust them on collateral review. Thus, they are precluded.

In Ground XIV, Petitioner did not refute the State's claim of nonexhaustion in his Reply. Moreover, the claim was analyzed on its merits under inefficient assistance of counsel and it failed.

As to Ground XII, the trial court correctly found it precluded and additionally analyzed the claim under ineffective assistance of counsel, which failed.

As to Grounds VI through XXI, the Court has considered each claim on the merits as to Petitioner's claims of ineffective assistance of counsel (trial and appellate) including:

(1)  Trial counsel's failure to call an alibi witness;
(2)  Trial counsel inadequately cross-examined the state's arson investigator;
(3)  Trial counsel's failure to raise a constitutional objection to the state's use of Petitioner's testimony from his conspiracy trial and appellate counsel's failure to raise it as an issue on appeal;
(4)  Trial counsel's failure to object to the state's improper comments during closing argument and appellate counsel's failure to raise the issue on appeal;
(5)  Trial counsel's failure to insist that Petitioner's prior convictions be tried to a jury and appellate counsel's failure to raise the issue on appeal; and

(6) Appellate counsel's failure to raise the trial court's failure to give a Willits instruction.

Having determined that the substance of the above claims were properly rejected by the trial court, this Court finds that any related ineffective assistance claims are necessarily without merit. Accordingly, the Court agrees with Magistrate Judge Duncan's recommendation.[4]

Having reviewed *de novo* the Petition, the Report and Recommendation of Magistrate Judge Duncan, and the Petitioner's objections thereto, and in light of the Court's finding that the Petitioner's objections do not have any merit,

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation (Doc. 73) is **ACCEPTED** and **ADOPTED** by the Court.

IT IS FURTHER ORDERED that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED** and **DENIED** with prejudice.

IT IS FURTHER ORDERED that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **DENIED**. Petitioner has not made a substantial showing of the denial of a constitutional right.

IT IS FURTHER ORDERED that the Clerk of the Court shall close this case.

DATED this 31st day of August, 2010.

Paul G. Rosenblatt
United States District Judge

---

[4] The objections are enumerated as Ineffective Assistance of Trial Counsel 1, 6, 10, 13, 14, and Appellate Counsel 5, 6, 7, 8. The remaining ineffective assistance of counsel claims objected to by Petitioner as excused by a claim of actual innocence were found precluded.

4